### YANNEY, GUARDIAN, v. HINE.

IN ORDER TO CONSTITUTE A GOOD RELEASE OF A LIEN, A CONSIDERATION IS NECESSARY.

The plaintiff in this case sought to have an annuity, payable in equal shares, by the heirs of Jacob Yanney, Sr., declared to be a lien on premises devised to said heirs (five grandchildren). The answer set up a paper signed by the annuitant which it was claimed was a release of the specific lien charged by the will upon the property. To this defense the plaintiff demurred.

SMITH, J.

We are of the opinion that in the action of the court of common pleas in overruling the demurrer filed by the plaintiff to the answer of the defendant, and in dismissing the petition of the plaintiff, there was error for which the judgment should be reversed. It is an elementary principle that to constitute a good release a consideration is necessary, and without this it is a *nudum pactum*. In the release pleaded in this case by the answer of the defendant, no consideration is stated or shown, and the answer does not allege any. In addition to this a paper called a release was given to a person, who herself was in no wise under any obligation to make any payment to the releasor, and had no interest whatever in the lands of her children which were charged with the payment.

The facts alleged in the answer did not, if true, estop the plaintiff from recovering in the action. The fact that the paper in question, after its delivery to the mother of the children, had been shown by her to a person who afterwards bought the land charged with the payment, at a sale thereof in partition, did not have this effect. If the representation had been made to him by the releasor herself, that she had released the persons bound to make payment, and the purchaser had relied upon, and acted upon this representation, the case might have been different. But this does not appear by the answer.

The judgment will, therefore, be reversed, and the case remanded for such further proceedings as may be warranted by law.

*Stanley Struble*, for Plaintiff.

*John Davis* and *S. B. Carter*, contra.